UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LOCAL 513, INTERNATIONAL UNION OF )
OPERATING ENGINEERS, AFL-CIO, TIMOTHY )
J. SAPPINGTON, IN HIS REPRESENTATIVE )
CAPACITY AS PRESIDENT AND BUSINESS )
MANAGER, LOCAL UNION 513 PENSION )
FUND, LOCAL UNION 513 HEALTH AND )
WELFARE FUND, LOCAL UNION 513 )
SUPPLEMENTAL VACATION FUND, LOCAL )
UNION 513 ANNUITY FUND, LOCAL UNION )
513 JOINT APPRENTICESHIP TRAINING )   Case No.
FUND, and TIMOTHY J. SAPPINGTON, IN HIS )
CAPACITY AS CHAIRMAN OF THE BOARD )
OF TRUSTEES OF SAID FUNDS, )
)
        Plaintiffs, )
)
   v. )
)
HACKMAN BROTHERS, INC., )
)
Serve:  Registered Agent )
       Terry Hackman )   NO JURY TRIAL
       2929 N. St. Peters Parkway )
       St. Peters, MO 63376 )
)
        Defendant. )

## COMPLAINT

COME NOW Plaintiffs, by and through undersigned counsel, and for Count I of their Complaint, state as follows:

### Parties

1. Plaintiff Local 513, International Union of Operating Engineers, AFL-CIO (hereinafter "Local No. 513"), is a voluntary unincorporated association existing pursuant to the laws of the State of Missouri, is an "employee organization" within the meaning of Section 3(4) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as amended, 29

U.S.C. §1002(4), and is a labor organization within the meaning of Section 1(5) of the Labor-Management Relations Act of 1947 (hereinafter "LMRA"), as amended, 29 U.S.C. §151(5). Plaintiff Timothy J. Sappington (hereinafter "Mr. Sappington") is the duly authorized representative of Local No. 513 and is authorized to bring this cause of action in his representative capacity.

2. Local Union 513 Pension Fund (hereinafter "Pension Fund"), is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Mr. Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Mr. Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

3. Local Union 513 Health and Welfare Fund (hereinafter "Welfare Fund"), is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Mr. Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Mr. Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

4. Local Union 513 Supplemental Vacation Fund (hereinafter "Vacation Fund"), is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Mr. Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of

ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Mr. Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

5. Local Union 513 Annuity Fund (hereinafter "Annuity Fund"), is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Mr. Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Mr. Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

6. Local Union 513 Joint Apprenticeship Training Fund (hereinafter "JATF Fund"), is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Mr. Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Mr. Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

7. Together, the foregoing Pension Fund, Health and Welfare Fund, Supplemental Vacation Fund, Annuity Fund and Joint Apprenticeship Training Fund shall be referred to as the "Plaintiff Funds."

8. Hackman Brothers, Inc., Inc. (hereinafter "Hackman Bros."), is a Missouri Corporation with a registered agent residing at 2929 St. Peters Parkway, St. Peters, Missouri 63376.

9. Hackman Bros. is, was, and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Section 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and of §§2(2), (6) and (7) of the LMRA, 29 U.S.C. §§152(2), (6) and (7).

## Jurisdiction and Venue

10. This Court has jurisdiction over this matter by virtue of Sections 502(a)(3) and 515 of ERISA, as amended, 29 U.S.C. §1132(a)(3) and 1145, in that Mr. Sappington is a fiduciary who seeks to enforce the provisions of the Trust documents establishing the Plaintiff Funds, and the Union is suing for violations of its Collective Bargaining Agreement or Agreements with Hackman Bros.

11. The Court has personal jurisdiction over Hackman Bros., pursuant to ERISA Section 502(e), 29 U.S.C. §1132(e).

12. Venue is proper pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), in that the Plaintiff Funds are administered within the jurisdiction of this Court and because Local No. 513 maintains its principal office within the jurisdiction of this Court.

## Facts Common to all Counts

13. At all times relevant to this Complaint Hackman Bros. was, and has been, signatory to a valid and binding Collective Bargaining Agreement (the "CBA") with Local No. 513.

14. At all times relevant to this Complaint Hackman Bros. was, and has been, signatory to a Participation Agreement with the Plaintiff Funds, by which Hackman Bros. became signatory to and obligated itself to the terms and conditions of certain Trust Documents adopted by the Trustees of the Plaintiff Funds and establishing the Plaintiff Funds.

15. The CBA and/or Trust Documents impose certain payment and reporting obligations upon signatory contractors, including Hackman Bros.

16. The CBA and/or Trust Documents require Hackman Bros. to timely submit reports of hours worked by its employees covered by the CBA, along with financial contributions.

17. Signatory contractors, including Hackman Bros., are required to submit reports of hours worked by covered employees, with payment, by the 20th of each month for the prior month's work.

18. The CBA and/or Trust Documents provide that in the event a signatory contractor fails to submit timely reports of hours, or timely payments, the contractor shall be liable for liquidated damages in the amount of twenty percent (20%) of contributions due.

19. The CBA and/or Trust Documents further provide that in the event of litigation to recover a delinquency the contractor shall be liable for the costs of collection, including court costs, interest, and attorneys' fees.

20. Despite its obligations as set forth herein, Hackman Bros. has become delinquent to the Plaintiff Funds in an unknown amount before liquidated damages.

21. Hackman Bros. is believed not to have fully, accurately and completely reported its fringe benefit obligation to the Plaintiff Funds for an extended period of time and the full amount of its liability is therefore unknown.

22. Pursuant to ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), Plaintiffs are entitled to appropriate equitable relief.

23. Since the full amount of contributions due is not known, Plaintiffs lack an adequate remedy at law and are suffering and will continue to suffer immediate, continuing and irreconcilable injury and damage unless Hackman Bros. is ordered to specifically perform all its

obligations required under the CBA and Trust Documents, to submit its records to an audit and to pay required contributions and ancillary amounts to the Plaintiff Funds.

24. As a result of Hackman Bros.' failure to make these required contributions, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs pray that the Court:

a. Enter Judgment for Plaintiffs and against Hackman Bros.;

b. Enter an Order awarding Plaintiffs all delinquent contributions due and owing, subject to proof;

c. Enter an interlocutory order requiring Hackman Bros. to submit its records to an accounting, and further, that Hackman Bros. reimburses Plaintiffs the cost of said audit;

d. Enter an order awarding additional contributions determined to be due and owing pursuant to the accounting;

e. Enter an order awarding Plaintiffs appropriate pre-judgment interest from the due date of all delinquent contributions to the date of judgment;

f. Enter an order awarding Plaintiffs liquidated damages in the amount of 20% of the discovered delinquency, if any;

g. Enter an injunction requiring Hackman Bros. to timely submit its monthly Contribution Report Forms on a going forward basis;

h. Enter an order awarding Plaintiffs their attorney's fees, auditing fees, accounting fees, expert fees and other costs;

i. Enter an Order awarding Plaintiffs appropriate post-judgment interest;

j. Enter orders for such further relief as the Court deems proper in the premises.

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN, L.L.C.

/s/ James P. Faul
JAMES P. FAUL, No. 58799MO
4399 Laclede Avenue
St. Louis, MO 63108
(314) 531-1054 Telephone
(314) 531-1131 Facsimile
jfaul@hghllc.net

Attorneys for Plaintiffs